IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ROBBIN LACEY, on behalf of herself and all similarly situated individuals, | ) ) ) | Civil Action File No. |
| Plaintiff, | ) ) | |
| v. | ) ) | JURY TRIAL DEMANDED |
| PRIVATE LABEL NUTRACEUTICALS, LLC, | ) ) ) | |
| Defendant. | ) ) | |

_____

## COMPLAINT FOR DAMAGES

**COMES NOW** Plaintiff Robbin Lacey (hereinafter "Plaintiff" or "Lacey"),

by and through undersigned counsel, on behalf of herself and all similarly situated

individuals, and files this Complaint against Defendant Private Label

Nutraceuticals, LLC ("Defendant" or "Defendant PLN") and shows the following:

## I.    Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress

the unlawful employment practices described herein.  Plaintiff brings this action as

the representative party for all similarly situated employees of Defendant.

2.

This action seeks declaratory relief, along with liquidated and actual damages for Defendant's failure to pay federally mandated overtime wages to Plaintiff and similarly situated individuals in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter the "FLSA").

## II.    Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.

Defendant is a Georgia limited liability company, and resides in this district. Defendant does business in and is engaged in commerce in the State of Georgia. Venue is proper in this district pursuant to 29 U.S.C. § 1391(b) because Defendant resides in this district.

## III.    Parties and Facts

5.

Plaintiff is a resident of the State of Georgia.

6.

From January 21, 2015 to December 6, 2016, Plaintiff was employed by Defendant as an inside sales representative at Defendant's Atlanta, Georgia office located at 1900 Beaver Ridge Circle, Norcross, Georgia 30071.

7.

Plaintiff's primary duty throughout her employment was non-exempt inside sales work, specifically working in a call center environment selling nutritional supplements to Defendant's commercial customers.

8.

At any given time during Plaintiff's employment with Defendant, the company employed approximately 15-20 other inside sales representatives in the Atlanta office where Plaintiff worked.

9.

Defendant's inside sales representatives, including Plaintiff, were required to attended weekly sales meetings led by the Vice President of Operations and Sales Manager. These mandatory meetings were set to discuss, *inter alia*, weekly sales numbers, procedures for making sales calls, and pricing of products.

10.

Throughout Plaintiff's employment with Defendant, Plaintiff worked alongside the other inside sales representatives throughout the work week in a call center environment.

11.

Defendant's inside sales representatives all performed the same job duties, specifically inside sales of nutritional supplements to commercial customers.

12.

Plaintiff and the other inside sales representatives were not regularly and customarily engaged in work away from the employer's place of business, as that term has been defined by the FLSA.

13.

All of Defendant's inside sales representatives in the Atlanta, Georgia office reported to the same supervisor.

14.

When Plaintiff began her employment, Paul Marotta, Vice President of Operations, was the supervisor for the insides sales representatives.

15.

In approximately September 2015, Nathan Coleman became the supervisor of the inside sales representatives.  In approximately March 2016, Kai Kalfahs became the supervisor of the inside sales representatives.

16.

Defendant's inside sales representatives received the same Employee Handbook and Job Description.

17.

Plaintiff's and Defendant's other inside sales representatives' primary and virtually only function was to sell dietary supplements to Defendant's business customers.

18.

Defendants' inside sales representatives, including Plaintiff, dealt exclusively with small businesses and commercial accounts.

19.

Defendant's inside sales representatives, including Plaintiff, did not sell to non-business customers or the general public.

20.

The products Defendant's inside sales representatives, including Plaintiff, sold to Defendant's customers were sold in bulk to be resold again by Defendant's customers.

21.

Defendant provided its inside sales representatives, including Plaintiff, with a script that governed the manner for selling product to customers.

22.

In performing their job duties, including their primary duty of inside sales, Defendant's inside sales representatives, including Plaintiff, did not exercise discretion or independent judgment with respect to matters of significance.

23.

The primary duty of Defendant's inside sales representatives, including Plaintiff was non-exempt inside sales work that was not directly related to the management or general business operations of Defendant or its customers.

24.

Most, if not all of Defendant's inside sales representatives, including Plaintiff, regularly worked in excess of 40 hours in given workweeks.

25.

All of Defendant's inside sales representatives were classified as exempt from overtime and did not receive overtime compensation for hours worked in excess of 40 in workweeks.

26.

At any given time, Defendant's inside sales representatives, including Plaintiff were compensated in the same manner. In particular, during part of Plaintiff's employment Defendant paid its sales representatives with commissions and bonus compensation, sometimes including a weekly advance draw on future commissions, for example, when employees earned commissions were below a certain threshold for the week. Later in Plaintiff's employment, Defendant paid its inside sales representatives, including Plaintiff with a salary, plus commissions and bonus compensation.

27.

Throughout Plaintiff's employment, Defendant pay overtime compensation to its inside sales representatives, including Plaintiff.

28.

Plaintiff was an "employee" of Defendant, as that term has been defined by the FLSA, 29 U.S.C.S. § 201 et seq., 29 U.S.C. § 203(e).

29.

Defendant is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000.00 per year.

30.

Defendant is an "employer" within the definition of the FLSA, § 29 U.S.C. §203(d).

31.

Defendant is governed by and subject to the FLSA, 29 U.S.C. §§ 204 and §207.

## IV.    Collective Action Allegations

32.

Plaintiff repeats the allegations above, as if set forth fully herein. Plaintiff brings Count I of this Complaint on behalf of herself and other similarly situated individuals pursuant to 29 U.S.C. § 216(b).  Plaintiff and the similarly situated individuals are individuals who currently or formerly have been employed by Defendant, at any time during the last three (3) years, as inside sales representatives (hereinafter the "Collective Class").

33.

At all relevant times, Defendant has employed numerous inside sales representatives in the Atlanta, Georgia office where Plaintiff worked.

34.

Throughout Plaintiff's employment, Defendant's inside sales representatives worked alongside each other in the Atlanta office throughout the work week, performing the same job duties. In particular, Defendant's inside sales representatives worked alongside each other in a call center environment performing the same primary duty of non-exempt inside sales work.

35.

Within the last three years ("the applicable statutory period"), Plaintiff and members of the Collective Class routinely worked in excess of (40) hours per workweek without receiving overtime compensation for all overtime hours worked over 40 hours while performing the duties of inside sales representatives.

36.

Defendant was aware that Plaintiff and members of the Collective Class were working overtime hours without receiving overtime compensation.

37.

During the applicable statutory period, Defendant failed to keep accurate time records for all hours worked by Plaintiff and the Collective Class.

38.

During the applicable statutory period, Defendant closely supervised and controlled the work of Plaintiff and the Collective Class.

39.

During the applicable statutory period, Plaintiff and members of the Collective Class were paid in the same manner.

40.

During the applicable statutory period, Plaintiff the Collective Class did not exercise discretion and independent judgment with respect to matters of significance in the performance of their job duties.

41.

During the applicable statutory period, Defendant misclassified Plaintiff and the Collective Class as exempt from the overtime requirements of the FLSA.

42.

Plaintiff and the Collective Class are entitled to overtime pay for the hours they worked over (40) in given workweeks. Defendant's practices violate the

provisions of the FLSA, 29 U.S.C. § 201, et seq. including but not limited to 29

U.S.C. § 207. As a result of Defendant's unlawful practices, Plaintiff and the

Collective Class have suffered lost wages.

## Count I

### Violation of the Overtime Wage Requirement of
### the Fair Labor Standards Act

43.

Plaintiff repeats and re-alleges each and every allegation contained in the

preceding paragraphs of this Complaint with the same force and effect as if set

forth herein.

44.

Defendant has violated the FLSA, 29 U.S.C. § 201, et seq. including but not

limited to 29 U.S.C. § 207, by failing to pay overtime wages for hours Plaintiff and

the Collective Class worked in excess of (40) hours in given workweeks.

45.

The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and

one-half times the regular rate of pay for all hours worked in excess of (40) hours

in a workweek.

46.

Defendant suffered and permitted Plaintiff and members of the Collective Class to routinely work more than (40) hours per week without overtime compensation.

47.

Defendant's actions, policies and/or practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff and the Collective Class at the required overtime rate.

48.

Defendant knew, or showed reckless disregard for the fact that it failed to pay Plaintiff and the Collective Class overtime compensation in violation of the FLSA.

49.

Defendant failed to accurately report, record and/or preserve records of hours worked by Plaintiff and the Collective Class, and thus has failed to make, keep and preserve records with respect to each of their employees sufficient to determine their wages, hours and other conditions and practices of employment, in violation of the FLSA.

50.

Plaintiff and the Collective Class were subject to the same unlawful policy of Defendant, i.e. Defendant's misclassification of inside sales representatives as "exempt" from the overtime requirements of the FLSA.

51.

Defendant's violations of the FLSA were willful and in bad faith.

52.

Pursuant to the FLSA, 29 U.S.C. § 216, Plaintiff and the Collective Class are entitled to recover the unpaid overtime wage differential, liquidated damages in an equal amount to unpaid overtime, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

## **Prayer for Relief**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)   Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)   Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §§ 206(d), 207, and 216, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages, court costs, expert witness fees, and reasonable attorneys' fees

pursuant to 29 U.S.C. § 216, and all other remedies allowed under the FLSA; and,

(C)     Grant declaratory judgment declaring that Plaintiff's rights have been violated;

(D)     Grant conditional certification and provide notice of this action to all similarly situated individuals;

(E)     Grant leave to add state law claims if necessary; and

(F)     Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted,

This 13th day of January, 2017.

**BARRETT & FARAHANY**

/s/ V. Severin Roberts
V. Severin Roberts
Georgia Bar No. 940504
Attorney for Plaintiff Robbin Lacey

1100 Peachtree Street, Suite 500
Atlanta, Georgia 30309
Telephone: (404) 214-0120
Facsimile: (404) 214-0125
vsroberts@justsiceatwork.com