IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ROBBIN LACEY, on behalf of herself and all others similarly situated, | ) ) ) | Civil Action No. 1:17-cv-00170-TWT |
| Plaintiffs, | ) ) | |
| v. | ) ) | JURY TRIAL DEMANDED |
| PRIVATE LABEL NUTRACEUTICALS, LLC, BJARTE RENE, and MELISSA RIXMAN-RENE, | ) ) ) ) | |
| Defendants. | ) | |

_____

## JOINT MOTION FOR COURT APPROVAL OF SETTLEMENT AND ADMINISTRATIVE CLOSURE

## I.   Introduction

This case is a conditionally certified collective action for overtime under the Fair Labor Standards Act (the "FLSA").  The named Plaintiff, Robbin Lacey, and the thirteen (13) individuals that have joined this action (collectively referred to as "Plaintiffs"), along with Defendants Private Label Nutraceuticals, LLC ("PLN"), Bjarte Rene ("Rene"), and Melissa Rixman-Rene ("Rixman-Rene") (PLN, Rene and Rixman-Rene collectively referred to as "Defendants") (Defendants and Plaintiffs collectively referred to as the "Parties") hereby jointly move the Court to approve

the Parties' settlement of Plaintiffs' FLSA claims and administratively close this case.

## II. **Legal Principles**

Pursuant to the case law regarding the settlement of FLSA claims, there are two ways in which an overtime claim under the FLSA can be settled and released by employees. First, section 216(c) of the FLSA allows an employee to settle and waive his or her overtime claim under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. 216(c) of the FLSA; *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the District Court with a proposed settlement, and the District Court enters a stipulated judgment approving the fairness of the settlement. *Id*.; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S. Ct. 925, 928 n. 8, 90 L.Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960,961 (5th Cir. 1947).

In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by
> employees under the FLSA for back wages because initiation of the

action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the District Court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement agreement to resolve and release Plaintiffs' FLSA claims against Defendants. The proposed settlement arises out of an action brought by Plaintiffs against their former employer, which was adversarial in nature. During the litigation and settlement of this action, Plaintiffs were represented by experienced counsel.

## III.  The Parties' Disputed Issues Under the FLSA

The Parties agree that the instant action involves disputed issues regarding the payment of overtime wages under the FLSA. The Parties dispute whether Plaintiffs were entitled to overtime during their employment with PLN. Defendants contends that Plaintiffs were exempt from the FLSA's overtime requirements, while Plaintiffs contend they were not exempt. The Parties further dispute whether liquidated

damages are appropriate.  Defendants contend that they can satisfy the elements of the "good faith defense" to liquidated damages, 29 U.S.C. § 260.  Plaintiffs contend that liquidated damages are appropriate. The Parties also dispute whether Plaintiffs claims are subject to a two or three-year statute of limitations.  The Parties further dispute the number of overtime hours Plaintiffs worked, if any, during their employment with Defendants.  Finally, the Parties further dispute whether the appropriate remedy for the allegedly unpaid overtime is "half-time" (.5) of Plaintiffs' "regular rate" or "time-and-a-half" (1.5) of Plaintiffs' "regular rate."

## IV.    **The Parties' Settlement Efforts**

The Parties agree that their settlement reflects a reasonable compromise of the disputed issues.  Counsel for Plaintiffs and PLN discussed the disputed factual and legal issues over the phone and over electronic mail.  They then engaged in settlement discussions and a mediated settlement conference with an experienced mediator, based upon their independent calculations.

Prior to mediation, PLN voluntarily provided Plaintiffs' counsel a good deal of informal discovery, including, but not limited to, Plaintiffs' dates of employment, attendance records, and pay stubs. The Parties, through their attorneys, voluntarily agreed to the terms of their settlement agreement. Plaintiffs were counseled and represented by their attorneys throughout the litigation and settlement process.

**V.**    **Summary of the Settlement**

The Parties' fully executed settlement agreement is attached hereto as "Exhibit A". Plaintiff Lacey has signed the agreement as the class representative, and all of the other Plaintiffs have provided their express authority to Plaintiffs' counsel to resolve their FLSA claims for the amounts each is receiving pursuant to the settlement.

**A.**    **Back Wages and Liquidated Damages**

For the most part, Plaintiffs allege that they worked 47 – 55 hours per week, while being paid on a commission basis or a salary plus commission basis, depending on the time period of their employment. Plaintiffs' total weekly compensation typically amounted to approximately $450.00 – 850.00 per week, with most Plaintiffs receiving compensation of $500.00 – 650.00 per week.

Using a "half-time" rate for calculating damages, a plaintiff's maximum potential overtime recovery for a week of employment in which he or she worked 50 hours, while being paid a $600.00 weekly salary, would be $60.00.[1]

As noted, *supra*, the Parties vigorously dispute Plaintiffs' exemption status, the number of overtime hours, if any, Plaintiffs worked, the availability of

---

[1] ($600.00 weekly salary (divided) by 50 hours = $12.00 regular rate (multiplied) by .5 = $6.00 half time rate (multiplied) by 10 overtime hours = $60.00).

liquidated damages, the applicable statute of limitations, and the rate for calculating damages.

After attorneys' fees and costs, the Parties' settlement will provide the 14-member class with a total of $146,016.79 in back wages and liquidated damages (the "Class Fund"). Using each class members' actual pay and a "half-time" rate for calculating damages, and assuming each Plaintiff worked 50 hours in every single week in which they claim to have worked overtime, and assuming they prevailed on every other issue in the case, including the statute of limitations and liquidated damages, the maximum class recovery would be approximately $65,000. The Class Fund amounts to payment of more than twice the maximum class recovery using the above stated factors. Each Plaintiff is receiving a pro-rata portion of the Class Fund representing .6946102% of each Plaintiff's maximum potential recovery of overtime and liquidated damages for a three-year statute of limitations, and "time-and-a-half" damages, assuming 50 hours of work in every week in which Plaintiffs claim to have worked overtime. Each Plaintiff is receiving between $290.00 and $413.00 in compensation for each and every week in which they claim to have worked overtime.[2]

---

[2] The weekly amount per Plaintiff varies only because their actual weekly pay, upon which their maximum potential recovery is determined, varies.

**B.**      **Attorneys' Fees and Costs**[3]

Pursuant to the settlement, Plaintiffs' counsel will receive $73,333.33 in fees, representing ⅓ of the total $220,000.00 settlement fund. Plaintiffs' counsel will also be reimbursed $649.88 in litigation costs.

The Northern District of Georgia has repeatedly approved Plaintiffs' counsel's 40% contingency fee in other FLSA settlements. To date, Plaintiff's counsel's 40% contingency fee has never been rejected in their FLSA settlements in the Northern District of Georgia (or any other court). Other courts have approved 40% fee awards under the percentage of recovery method as well. *See Singleton v. First Student Mgmt. LLC*, 2014 U.S. Dist. LEXIS 108427 (D.N.J. 2014) (pointing out that courts using the percentage of recovery method may award fees as high as 45% of the total recovery).

However, despite the Court's prior approval of a 40% contingency fee, Plaintiffs' counsel has voluntarily reduced its contingency fee recovery in this settlement from 40% to 33.33% (⅓). This ⅓ recovery is well in line with nationwide and Northern District of Georgia class action attorney fees. *See e.g.*, *Jackson v. Federal National Mortgage*, Civil Action No. 1:15-cv-1411-AT (N.D.

---

[3] For purposes of this motion, Defendants do not object to the assertions made herein by Plaintiffs' counsel related to its fees and the reasonableness thereof.

Ga. Dec. 16, 2016) (Approving 33% contingency in FLSA collective action); *Perry v. HBN Media, Inc.*, Civil Action No. 1:16-cv-3762-ELR (N.D. Ga. June 13, 2017) (Approving ⅓ contingency in FLSA collective action); *Stelmachers v. Maxim Healthcare Services, Inc.*, Case No. 1:13-cv-01062-RLV (N.D. Ga. Aug. 28, 2014) (Approving 30% contingency fee in class/collective action settlement); *In re Profit Recovery Group Int'l, Inc. Sec. Litig.*, Case No. 1:00-cv-1416-CC (N.D. Ga. May 26, 2005) (awarding 33.3% of $6.75 million settlement fund plus interest and expenses); *In re Clarus Corp. Sec. Litig.*, Case No. 1:00-cv-2841-CAP (N.D. Ga. Jan. 6, 2005) (awarding 33.3% of $4.5 million settlement fund plus interest and expenses); *In re Pediatric Servs. of Am., Inc. Sec. Litig.*, Case No. 1:99-cv-0670-RLV (N.D. Ga. Mar. 15, 2002) (awarding 33.3% of $3.2 million settlement fund plus interest and expenses); *Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291 (11th Cir. 1999) (affirming district court's award of 33.3% of settlement fund plus costs).

For the sake of comparison: As of July 12, 2017, Plaintiff's counsel and support staff have incurred $46,595.50 worth of time in this entire litigation. Plaintiff's counsel will assuredly incur additional costs and fees through the completion of settlement.

Awarding counsels' 33.33% fee in this settlement will provide counsel with a multiplier of 1.57 on their currently accrued fees[4], which is far less than the multiplier figure commonly awarded and considered reasonable. See *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1052-54 (9th Cir. 2002) (listing nationwide class action settlements where multiplier ranged up to 8.5 times); *Sewell v. Bovis Lend Lease LMB, Inc.,* 2012 U.S. Dist. LEXIS 53556 (S.D.N.Y. 2012) *13 ("Courts routinely award lodestar multipliers between two to six."); *In re Lloyd's Am. Trust Fund Litig.*, No. 96 Civ. 1262, 2002 U.S. Dist. LEXIS 22663, 2002 WL 31663577, at *27 (S.D.N.Y. 2002) (a "multiplier of 2.09 is at the lower end of the range of multipliers awarded by courts within the Second Circuit"); *Steiner v. Am. B'casting Co., Inc.*, 248 Fed. Appx. 780, 783 (9th Cir. 2007) (multiplier of 6.85 "falls well within the range of multipliers that courts have allowed"); *Ramirez v. Lovin' Oven Catering Suffolk, Inc.*, No. 11 Civ. 520 (JLC), 2012 U.S. Dist. LEXIS 25060, 2012 WL 651640, at *4 (S.D.N.Y. 2012) (granting attorneys' fees equal to 6.8 times lodestar); *Davis v. J.P. Morgan Chase & Co.*, 827 F. Supp. 2d 172, 184-86 (W.D.N.Y. 2011) (awarding multiplier of 5.3 in wage and hour class action); *Buccellato v. A T&T Operations, Inc.*, No. 10 Civ. 463 (LHK), 2011 U.S. Dist.

---

[4] As of July 12, 2017, counsel has accrued $46,595.50 in fees, yielding a 1.57 multiplier based on the fees received from the settlement.

LEXIS 85699, 2011 WL 3348055, at *2 (N.D. Cal. 2011) (awarding multiplier of 4.3 in wage and hour class action); *New England Carpenters Health Benefits Fund v. First Databank*, *Inc*., No. 05 Civ. 11148 (PBS), 2009 U.S. Dist. LEXIS 68419, 2009 WL 2408560, at *2 (D. Mass. 2009) (awarding multiplier of 8.3); *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 586 F. Supp. 2d 732, 803 (S.D. Tex. 2008) (awarding multiplier of 5.2); *In re Cardinal Health Inc. Sec. Litigs.*, 528 F. Supp. 2d 752, 768 (S.D. Ohio 2007) (awarding multiplier of six); *In re Rite Aid Secs. Litig.*, 362 F. Supp. 2d 587 (E.D. Pa. 2005) (awarding multiplier of seven); *Maley v. Del Global Techs. Corp.*, 186 F. Supp. 2d 358, 371 (S.D.N.Y. 2002) ("modest multiplier" of 4.65 in wage and hour class action was "fair and reasonable"): *In re RJR Nabisco, Inc. Sec. Litig.*, No. 88 Civ. 7905 (MBM), 1992 U.S. Dist. LEXIS 12702, 1992 WL 210138, at *5 (S.D.N.Y. 1992) (awarding multiplier of 6); *Cosgrove v. Sullivan*, 759 F. Supp. 166, 167 n. 1 (S.D.N.Y. 1991) (awarding multiplier of 8.74).

### C. <u>Request for Administrative Closure Pending Full Payment of Class Fund</u>

The Parties have agreed that the Class Fund will be paid to Plaintiffs by PLN in installments, with full payment to be made by March 1, 2018. As set forth in Paragraph 1 of their settlement agreement, it is the Parties' desire to have the Court administratively close this case until one of two things has happened – either (1)

PLN has fully paid the Class Fund or (2) PLN has gone into "Default" (as such term is defined in Paragraph 3 of the settlement agreement).

In the event of full payment by PLN, it is the Parties' desire that the Court lift the administrative closure and dismiss this case with prejudice as to the FLSA claims of Plaintiffs. In the event of a Default by PLN, it is the Parties' desire that the Court lift the administrative closure and allow Plaintiffs to resume this case without prejudice to their FLSA claims.

This concept of administrative closure is a key element to the Parties' settlement so that PLN can have a period of time to pay the Class Fund and so that Plaintiffs can avoid a dismissal with prejudice of their FLSA claims in the event of a Default by PLN.

**VI.    Conclusion**

For the foregoing reasons, the Parties jointly and respectfully request that the Court approve their settlement agreement, and, upon approval of the settlement, administratively close this case as described above. A proposed Order is attached for the Court's convenience as "Exhibit B."

Respectfully submitted, this 12th day of July, 2017.

**BARRETT & FARAHANY**

By:  /s/*V. Severin Roberts*
      V. Severin Roberts
      Georgia Bar No. 940504

1100 Peachtree Street N.E., Suite 500
Atlanta, Georgia 30309
(404) 214-0120

*Attorney for Plaintiffs*

**Miller & Martin PLLC**

By:  /s/*James P. Daniel*
      Christopher E. Parker
      Georgia Bar No. 162542
      James P. Daniel
      Georgia Bar No. 204115

1180 West Peachtree Street, N.W.
Suite 2100
Atlanta, GA  30309-3407
(404) 962-6100
chris.parker@millermartin.com
jimmy.daniel@millermartin.com

*Attorneys for Defendant Private Label
Nutraceuticals, LLC*

**Hall, Arbery, Gilligan, Roberts &
Shanlever LLP**

By:  /s/Elizabeth Newton
      Elizabeth Newton
      Georgia Bar No. 975191

3340 Peachtree Road, NE, Suite 1900
Atlanta, Georgia 30326
(404) 537-5515
enewton@hagllp.com

*Attorneys for Defendant Bjarte Rene*

**Smith & Liss, LLC**

By: */s/Matthew M. Liss*
     Matthew M. Liss
     Georgia Bar No. 453895

Five Concourse Parkway, 26th Floor
Atlanta, Georgia 30328
(404) 760-6000
mliss@smithliss.com

*Attorneys for Defendant Melissa Rixman-Rene*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TONYA PERRY, on behalf of herself and all similarly situated individuals, | ) ) ) | Civil Action File No. 1:16-cv-03762-ELR |
| Plaintiff, | ) | |
| v. | ) ) | JURY TRIAL DEMANDED |
| HBN MEDIA, INC. d/b/a COMMISSIONS, INC., | ) ) ) | |
| Defendant. | ) | |
| _____ | | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 12th day of July, 2017, the foregoing *JOINT MOTION FOR COURT APPROVAL OF SETTLEMENT AND ADMINISTRATIVE CLOSURE* was filed with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

<u>/s/V. Severin Roberts</u>
V. Severin Roberts
Georgia Bar No. 940504